

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2005

# Lawrence v. F C Kerbeck & Sons

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1242

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lawrence v. F C Kerbeck & Sons" (2005). *2005 Decisions.* Paper 1000.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1000

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1242
_____

LIONEL S. LAWRENCE,

Appellant

v.

F.C. KERBECK & SONS

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-00113)
District Judge: Honorable Robert B. Kugler

_____


Submitted Under Third Circuit LAR 34.1(a)
June 15, 2005

Before:  SLOVITER, BARRY and FISHER, Circuit Judges

(Filed:  June 16, 2005)

_____

OPINION

_____

PER CURIAM

        Appellant, Lionel S. Lawrence, appeals from the District Court's order granting

appellee's motion for summary judgment.  For the reasons set forth below, we will affirm.

Lawrence was hired as an auto detailer by F.C. Kerbeck & Sons ("Kerbeck") in July 2001. On August 29, 2001, he quit this job based on an argument he had with a manager regarding his paycheck, during which the manager made a derogatory racial comment. In January 2003, Lawrence brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, alleging that he was harassed based on his race and that he was forced to quit his job because management was not going to rectify the harassment. Kerbeck filed a motion for summary judgment, which was granted.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting the motion for summary judgment. See Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "We review the facts in the light most favorable to the party against whom summary judgment was entered." Coolspring, 10 F.3d at 146.

To establish a claim under Title VII based on an intimidating or offensive work environment, a plaintiff must show: "(1) that he or she suffered intentional discrimination because of race; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same race in that position; and (5) the existence of respondeat superior liability." See Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1081 (3d Cir.

2

1996). In employing this analysis a court must evaluate the frequency of the conduct, its severity, whether it is physically threatening or humiliating, and whether it unreasonably interferes with an employee's work performance. See Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993). Title VII is not violated by "[m]ere utterance of an . . . epithet which engenders offensive feelings in an employee" or by mere "discourtesy or rudeness," unless so severe or pervasive as to constitute an objective change in the conditions of employment. See Faragher v. City of Boca Raton, 524 U.S. 775, 787 (1998) (citations omitted).

Lawrence confronted Brian Martin, a manager at Kerbeck, because Lawrence believed his paycheck did not accurately reflect his work. Martin, who was in charge of calculating the payroll in the absence of the regular manager, acknowledged that he had made an error in his calculations. An argument ensued, during which Martin made a racial remark. Lawrence acknowledged that he did not have regular contact with Martin and that the altercation over the payroll was an isolated incident. Although Martin's alleged comment was disrespectful and inexcusable, we agree with the District Court that Lawrence cannot show a hostile work environment based on this one isolated incident.

The District Court also properly granted Kerbeck's motion for summary judgment regarding Lawrence's claim of constructive discharge. As discussed above, the discrimination alleged in this matter was limited to an isolated incident that could not establish working conditions so intolerable that a reasonable person subject to them would resign. See Goss v. Exxon Office Sys. Co., 747 F.2d 885, 888 (3d Cir. 1984).

3

Furthermore, Lawrence failed to point to any evidence that Kerbeck knowingly permitted the conduct at issue.  <u>Id.</u>

For the foregoing reasons, we will affirm the District Court's order.